# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
# CIRCUIT CIVIL CASE NO.: _____

ROSE G. BREMPONG,

        Plaintiff,

vs.

10 -16680

BANK OF AMERICA CORPORATION,

DIVISION T

        Defendant.

_____/

## COMPLAINT

Plaintiff, ROSE BREMPONG, by and through her undersigned attorneys, hereby sues the Defendant, BANK OF AMERICA CORPORATION, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A".

5. A notification of Right to Sue was received from the EEOC and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

1

6. More than 180 days have passed since the filing of this charge.

7. Defendant, BANK OF AMERICA CORPORATION, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

8. Plaintiff is a resident of Hillsborough County, Florida.

9. Defendant, BANK OF AMERICA CORPORATION is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

## GENERAL ALLEGATIONS

10. At all times material, Defendant, BANK OF AMERICA CORPORATION, acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

11. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

12. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff's most recent employment with Defendant began in May 2006 as a Senior Trust Officer / Senior Vice President when she was recruited and hired by John Kociolek, who acted as her supervisor.

15. Mr. Kociolek promoted Plaintiff to the position of Team Leader. In that position, Plaintiff supervised all of the trust officers, trust administrative officers and all of the assistants in the

2

Tampa Bay Area. In that position, Plaintiff earned "excellent" employment evaluations.

16. In January 2007, Plaintiff's supervisor, John Kociolek, was replaced by Larry Holland.

17. Very shortly after Mr. Holland became Plaintiff's supervisor, he pressured her to step down from the position of Team Leader, a demotion. Mr. Holland promoted Aaron Thiel, white, to replace Plaintiff as Team Leader. Mr. Thiel became Plaintiff's supervisor.

18. In 2008, Plaintiff led the other trust officers in new business, investment management and trust sales revenue.

19. In 2009, the other two trust officers under Mr. Thiel were Victor Santiago and Jeffrey Winick (white). Both trust officers were less senior than Plaintiff and were hired by Mr. Holland and/or Mr. Thiel.

20. In March 2009, Mr. Thiel and/or Mr. Holland made the decision to terminate Plaintiff's employment.

21. The other two trust officers were retained by Defendant.

22. Plaintiff scored higher on internal Bank of American criteria for elimination than Mr. Winick (white) and her position should not have been eliminated based upon the scores.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION
## RACE

23. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

24. Plaintiff is Black.

25. At the time of her termination and demotion, Plaintiff was the only Black Trust Officer working for Defendant on the West Coast of Florida.

26. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of 42 U.S.C. § 1981 for which Defendant is liable.

27. Defendant knew, or should have known of the discrimination.

28. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Punitive damages;

f. For costs and attorney's fees;

g. Injunctive relief;

h. For any other relief this Court deems just and equitable.

## COUNT II
### 42 U.S.C. § 1981 DISCRIMINATION
### NATIONAL ORIGIN

29. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-22.

30. Plaintiff was born in Ghana.

31. At the time of her demotion and termination, Plaintiff was the only Trust Officer of Ghanian birth working for Defendant on the West Coast of Florida.

32. By the conduct described above, Defendant engaged in unlawful employment

4

practices and discriminated against Plaintiff on account of her national origin in violation of 42 U.S.C. § 1981 for which Defendant is liable.

33. Defendant knew, or should have known of the discrimination.

34. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

　　a. Back pay and benefits;

　　b. Interest on back pay and benefits;

　　c. Front pay and benefits;

　　d. Compensatory damages for emotional pain and suffering;

　　e. Punitive damages;

　　f. For costs and attorney's fees;

　　g. Injunctive relief;

　　h. For any other relief this Court deems just and equitable.

### COUNT III
### FCRA- RACE DISCRIMINATION

35. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

36. Plaintiff, a Black individual, is a member of a protected class under the Florida Civil Rights Act.

37. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of the Florida Civil Rights Act.

5

38. Defendant knew, or should have known of the discrimination.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT IV
## FCRA- NATIONAL ORIGIN DISCRIMINATION

40. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

41. Plaintiff, was born in Ghana and is a member of a protected class under the Florida Civil Rights Act.

42. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her national origin in violation of the Florida Civil Rights Act.

43. Defendant knew, or should have known of the discrimination.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and

continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

### COUNT V
### TITLE VII - RACE DISCRIMINATION

45. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

46. Plaintiff, a Black individual, is a member of a protected class under Title VII.

47. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of Title VII of the Civil Rights Act.

48. Defendant knew, or should have known of the discrimination.

49. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT VI
## TITLE VII – NATIONAL ORIGIN DISCRIMINATION

50. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

51. Plaintiff, was born in Ghana and is a member of a protected class under Title VII.

52. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her national origin in violation of Title VII of the Civil Rights Act.

53. Defendant knew, or should have known of the discrimination.

54. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

e. Punitive damages;

f. For costs and attorney's fees;

g. Injunctive relief;

h. For any other relief this Court deems just and equitable.

DATED this 17 day of August 2010.

                                             **REESER, RODNITE, OUTTEN & ZDRAVKO, P.A.**

                                             Angela E. Outten, Esquire
3411 Palm Harbor Boulevard, Ste A
Palm Harbor, Florida 34683
Telephone (727)787-5919
Facsimile (727)787-6685
Email: aoutten@rrozlaw.com
Attorney for the Plaintiff
FBN: 0002569